UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 13-2975-CMM

UNITED STATES OF AMERICA

vs.

LUIZ CARLOS FRANCISCO,

    **Defendant.**

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
CRISTINA M. MORENO
Assistant United States Attorney
Florida Bar No. 41867
99 N. E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9180
FAX (305) 530-7976
Cristina.Moreno@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>LUIZ CARLOS FRANCISCO,<br><br><br>_Defendant._ | )<br>)<br>) Case No. 13-2975-CMM<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 6, 2013 - July 3, 2013__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Sections 2252(a)(2) and (a)(4)(B) | That the defendant did knowingly receive and possess, any visual depiction, using any means and facility of interstate and foreign commerce and that has been shipped and transported in interstate and foreign commerce by any means, including by computer, and the production of such visual depiction involved the use of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and such visual depiction was of such conduct, in violation of Title 18, United States Code, Section 2252(a)(2) and (a)(4)(B). |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
_Complainant's signature_

Jenny Velazquez, TFO U.S. Secret Service
_Printed name and title_

Sworn to before me and signed in my presence.

_____
_Judge's signature_

Date: __07/03/2013__

City and state: __Miami, Florida__

Chris M. McAliley, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF
## CRIMINAL COMPLAINT

I, Jenny Velasquez, a Detective with the Miami Beach Police Department ("MBPD"), having been first duly sworn, do hereby depose and state as follows:

1. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code. That is, I am an officer of the United States, who is empowered by law to conduct investigations of, and make arrests for, offenses enumerated in Title 18, United States Code, Sections 2422, 2423, 2251, and 2252, et seq.

2. I am a detective with the Miami Beach Police Department and have been a law enforcement officer since June 2000. I am currently assigned to the United States Secret Service Miami Electronic Crimes Task Force ("MECTF"), under the Internet Crimes Against Children Task Force ("ICAC"). I have been conducting ICAC investigations and have been a Special Victims detective since January 2008. In this capacity, I have investigated over one hundred (100) sexual battery, child exploitation, and Internet-crimes-against-children cases. I have attended approximately two hundred (200) hours of training in the field of computer crimes and Internet crimes investigations. I have also been trained and certified to conduct "peer-to-peer" file sharing investigations on the Internet. Further, I am a member of the Law Enforcement Against Child Harm Task Force ("LEACH"), which is a multi-agency task force focused on the investigation and prosecution of child exploitation offenses that are facilitated by the use of the Internet.

3. The statements contained in this affidavit are based upon my own investigation, information provided to me by other sworn law enforcement officers and other personnel specially trained in the seizure and analysis of computers and electronic media, and on my

experience and training as a detective with the MBPD. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause in support of the criminal complaint against LUIZ CARLOS FRANCISCO, it does not contain all of the information known to me or other law enforcement officers.

## INVESTIGATION

4. On March 6, 2013, your affiant was notified by Special Agent Alexis Carpinteri of the Federal Bureau of Investigation (FBI), that while using investigative software, SA Carpinteri identified a computer on the ARES peer-to-peer ("P2P") file sharing network whose shared folder contained files believed to depict child pornography. Specifically, IP address 108.211.73.131 (the "TARGET IP ADDRESS") was listed as utilizing ARES user name cricri@Ares and sharing forty-four (44) files with SHA-1 hash values[1] of images and videos of suspected child pornography. A sample of the files that were shared are:

   a. (pthc) webcam - 5y & 11y daughters show yours (1)[1].avi;

   b. ppthc anal sex 14y.mpg;

   c. 11pthc hussyfan pt `;` sc - 11 yr shower.mpg; and

   d. 8 and 10 year old brother and sister have pthc sex.mpg

---

[1] P2P computer software has different methods to ensure that two files are exactly the same. The ARES network uses a Secure Hash Algorithm (SHA-1). Generally, hashing is simply a method of using a formula (or a hash algorithm) to store large data sets as smaller data sets in a computerized database. This mathematical algorithm essentially allows for the fingerprinting of files. Once a user checks a file with a SHA-1 hashing utility capable of generating this SHA-1 value (the fingerprint), that fingerprint becomes a fixed-length unique identifier for that file. The SHA-1 hash is the current Federal Information Processing and Digital Signature Algorithm. The SHA-1 is deemed secure because it is computationally infeasible for two files with different content to have the same SHA-1 hash value. ARES software processes files located in a user's shared directory. As part of this processing, a SHA-1 hash value is computed for each file located within a user's shared directory.

5. Upon further research into the files shared by the Target IP Address, law enforcement determined that the hash values of the files were consistent with child pornography. It was also noted that several of these titles contained search terms commonly used to search for child pornography, such as "PTHC," which I know, based on my training and experience, stands for "pre-teen hardcore."

6. On March 6, 2013, between 10:19AM and 11:24AM (EST), Special Agent Carpinteri successfully downloaded one complete video file and one partial video file from the TARGET IP ADDRESS. Upon review of the files, these videos were determined to constitute child pornography. The contents of the files are described as follows:

a. One complete downloaded file, with an SHA-1 hash value (base32) listed as: "5OPIQAR72GZV4NY6J6VRCTAPZ4OEPUDS." The video file is eight (8) minutes and eighteen (18) seconds in length. The video depicts a naked minor female, under the age of eighteen (18), lying on a bed with an adult male digitally penetrating her. The adult male then utilizes a clear liquid to spread on her vaginal and anal area. The adult male proceeds to have penile anal and penile vaginal intercourse with the minor female.

b. One partially downloaded file, with an SHA-1 hash value (base32) listed as: "H6V2ZQEXMSQVLRY7GJ5FUWCPCSTIETJN." This video file is three (3) minutes and twenty-five (25) seconds in length. It depicts a naked minor female, under the age of eighteen (18), lying on a bed with an adult male on top of her. The male engages in penile vaginal intercourse with the minor female.

7. As a result of further investigation, it was determined that, at the time of the downloads, the TARGET IP ADDRESS belonged to AT&T Internet Service, and subscriber information reflected that it was assigned to FRANCISCO at 7118 Bonita Drive, Unit 501,

Miami Beach, Florida 33141 ("the Target Premises"). On March 21, 2013, I conducted surveillance and observed a motorcycle registered to FRANCISCO at the Target Premises. A search of law enforcement databases revealed that the FRANCISCO has owned the Target Premises since approximately April 2006.

8. On April 18, 2013, an inquiry was performed on a law enforcement database for the TARGET IP ADDRESS. The inquiry revealed historic information for the TARGET IP ADDRESS, as well as the ARES network name "cricri," with files listed with SHA-1 hash values unique to files previously identified as images that appear to depict child pornography. In particular, law enforcement located files with SHA-1 hash values in FRANCISCO's folder, which were identical to the SHA-1 hash values of images (including videos) previously identified as suspected child pornography, and determined the following:

a. That on or about February 27, 2013, at approximately 11:55PM, the TARGET IP ADDRESS had available for sharing on the ARES network files containing names that were indicative of child pornography. Specifically, a file titled "02 novinha.mpg," with a SHA-1 hash value of "H6V2ZQEXMSQVLRY7GJ5FUWCPCSTIETJN" depicted, in part, an adult male having penile vaginal intercourse with a prepubescent female.

b. On or about April 27, 2013, at approximately 12:25AM, the TARGET IP ADDRESS had available for sharing on the ARES network files containing names that were indicative of child pornography. Specifically, a file titled "ninfeta de 11 en una rica mamada.mpg," with SAH-1 hash value of "DGCKBK5UDDUTKJ74ASODCQU2FHAPJMVN" depicted, in part, a prepubescent female performing oral sex on an adult male.

c. On or about May 17, 2013, at approximately 1:34AM, the TARGET IP ADDRESS had available for sharing on the ARES network files containing names that were

indicative of child pornography. Specifically, a file titled "!!!!!cum compilation videos de niÃ'as.mpeg," with SHA-1 hash value of "TO6JGQMYIC6CU4T2TUXUDEB4XUCHC6WI" depicted, in part, a compilation film composed of multiple prepubescent males and females. In part, a toddler engaged in oral sex with an adult male. Another scene included an adult male sitting on a prepubescent male, as he ejaculated on the prepubescent male's face.

9. A review of the browser history for the TARGET IP ADDRESS revealed past dates on which files containing names that were indicative of child pornography were also being shared. The following is a sample of the dates these files were shared:

a. On April 4, 2012, the TARGET IP ADDRESS had available for sharing on the ARES network files containing names that were indicative of child pornography, including one file titled "copia de young pthc – 11 yr old fingered and fucked, very tight pussy 1(2).mpg."

b. On October 10, 2012, at approximately 10:47PM, the TARGET IP ADDRESS had available for sharing on the ARES network files containing names that were indicative of child pornography, including a file titled "9yr jenny suck little dog cock.mpg."

c. On November 11, 2012, at approximately 7:08PM, the TARGET IP ADDRESS had available for sharing on the ARES network files containing names that were indicative of child pornography, including a file titled "(pt) webcam – mi prima y yo 11 y 12 aA+nos calentando a 1 tio.avi."

d. On June 13, 2013, at approximately 10:16PM, the TARGET IP ADDRESS had available files for sharing on the ARES network containing file names indicative of child pornography. One file, for example, was filed titled "babyj - vicky guiding thick cock in her pussy(2)(2)(2).mpg."

10. On June 28, 2013, Magistrate Judge William C. Turnoff signed a search warrant authorizing the search of the Target Premises, including any computers and storage media located therein for any visual depictions, including still images, videos, films or other recordings of child pornography or minors engaged in sexually explicit conduct.

11. On July 3, 2013, a team of agents, including myself, executed a search warrant at the Target Premises. Upon entering the residence, agents identified FRANCISCO's wife as the sole occupant of the residence. While agents remained on-site, FRANCISCO returned to the house and agents determined that there were no other individuals residing at the residence.

12. During the execution of the search warrant, numerous computers and items which contained digital storage were seized. A forensic preview was conducted at that time of a black Western Digital "My Passport" 500GB external hard drive (S/N 5758D31454130464457)("the Western Digitial hard drive") which was seized from the living room of the residence. The forensic review of the files on the Western Digital hard drive revealed numerous videos containing children engaged in sexual activity with adults. A representative sample of the videos were described as follows:

a. "Pthc nina de 3 anos sexo anal(2).mpg," which was a video file that contained a compilation of videos depicting prepubescent female children engaged in sexual activity with adult males. At the start of the video, the adult male penetrated the anus of the prepubescent female child. The legs of the prepubescent child were bound with black straps. The video contained additional clips of other prepubescent female children engaged in sexual activity with adult males.

      b. "9yr laura sucks dad's dick and anal fuck.avi," which was a video file that depicted a prepubescent female child performing oral sex on an adult male. Later in the video, the adult male penetrated the anus of the prepubescent female child.

      c. "(pthc)tvg – 9y boy fucks6y girl with man.mpg," which was a video file that contained a compilation of videos depicting a prepubescent female and male children engaging in sexual activity. The file contained several video clips, all of which depicted child pornography. At the start of the video, the clip depicts an adult male penetrating the anus of the prepubescent female child. Within that same video file, additional clips depict prepubescent male and female children engaging in oral sex with each other and with adults.

    13.    FRANCISCO was transported to the Miami Beach Police Department in Miami Beach, Florida. FRANCISCO was interviewed by two law enforcement officers, including a Portuguese speaker, given that FRANCISCO's native language was Portuguese. FRANCISCO indicated that he understood Spanish and some English, and was advised of his <u>Miranda</u> rights both in Spanish and Portuguese. FRANCISCO knowingly and voluntarily waived his <u>Miranda</u> rights, and signed a written waiver form prior to providing an oral statement. In his statement, FRANCISCO admitted that he had utilized the ARES file sharing program to find and download videos containing child pornography, and that he had named his ARES network "cricri." After downloading the videos, FRANCISCO would save the videos by transferring them to his external hard drive. FRANCISCO further admitted that he was sexually aroused by the videos and that he had been unable to stop downloading and viewing child pornography for the past two (2) years. FRANCISCO also stated he had masturbated while viewing the videos, and was addicted to child pornography.

## CONCLUSION

14. Based upon the foregoing, I submit that there is probable cause to believe that LUIZ CARLOS FRANCISCO violated 18 U.S.C. §§ 2252(a)(2) and (4)(B), which prohibits the receipt and possession of child pornography.

FURTHER AFFIANT SAYETH NAUGHT.

_____
TFO Jenny Velasquez
United States Secret Service

Sworn and subscribed to before me
on July 3, 2013.

_____
Honorable Chris M. McAliley
United States Magistrate Judge